_____

No. 95-4148
_____

United States of America,          *
                                    *
                                    *
     Plaintiff - Appellee,          *     Appeal from the United States
                                    *     District Court for the
     v.                             *     District of Nebraska.
                                    *
William Schwalb,                    *          [PUBLISHED]
                                    *
     Defendant - Appellant.         *

_____

                    Submitted: April 8, 1996

                       Filed: May 21, 1996
_____

Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN,
     Circuit Judge.
_____

PER CURIAM.


     Texas brokers William Schwalb and Robert Dunlap induced a Nebraska
investor to invest $50,000 toward the purchase of woolen mill equipment
that a Mexican buyer had supposedly committed to repurchase, and another
$28,000 to purchase and resell commercial sewing machines.  When the deals
fell through, Schwalb and Dunlap were indicted for wire fraud and
interstate transportation of stolen property.  See 18 U.S.C. §§ 1343 and
2314.  A jury convicted Schwalb on six counts.  The district court[1]
sentenced him to fifteen months in prison plus a $78,000 restitution
obligation.  Schwalb appeals his conviction and sentence.  We affirm.


     Schwalb first argues that the prosecution was vindictive in
responding to his pretrial motion to dismiss the initial indictment

_____

     [1]The HONORABLE RICHARD G. KOPF, United States District Judge
for the District of Nebraska.

by expanding the challenged counts in a superseding indictment. We disagree. There is no presumption of vindictiveness when the prosecution responds to a defendant's pretrial motion in this manner. See United States v. Goodwin, 457 U.S. 368, 381 (1982). It is not "vindictiveness" for the prosecution to eliminate possible pleading deficiencies in the initial indictment.

Schwalb next argues that there was insufficient evidence of intent to defraud. However, the Nebraska investor's testimony provided ample evidence for the jury to find that Schwalb made intentional misrepresentations that induced the Nebraskan to invest. Schwalb also argues that the prosecutor made a prejudicial closing argument by presenting a hypothetical not based on the evidence and by accurately noting evidence that Dunlap cashed a check obtained with the defrauded investor's money in Las Vegas. We conclude this was neither improper nor prejudicial argument.

Finally, Schwalb argues that his sentence is tainted by an erroneous enhancement for more than minimal planning. See U.S.S.G. § 2F1.1(b)(2)(A). We conclude the district court's finding of more than minimal planning is not clearly erroneous given the evidence of elaborate steps taken to induce the victim to invest in the woolen mill equipment deal, and of efforts to conceal that offense from the victim which helped induce him to invest in the later sewing machine deal. See § 1B1.1 comment. (n.1(f)) (more than minimal planning exists if "steps were taken to conceal the offense, other than conduct" amounting to obstruction of justice).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-